IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY M. YOUNG-BEY *
Petitioner
*
V. CIVIL ACTION NO. JFM-11-1095
*
WARDEN BOBBY SHEARIN, et al.,
Respondents *
********

**MEMORANDUM**

Currently confined at the North Branch Correctional Institution in Cumberland, Maryland, Jeffrey M. Young-Bey, petitioner, filed the instant 28 U.S.C. § 2254 habeas corpus application on April 27, 2011, challenging his 1997 convictions for attempted first-degree rape and related offenses. The self-represented petitioner presents the following grounds:

1. That he was denied effective assistance of counsel when his trial counsel failed to:
   a. file a motion to dismiss case due to violation of petitioner's right to a speedy trial;
   b. file a motion to dismiss under MD Rule 4-271;
   c. investigate and subpoena material witnesses;
   d. request an alibi jury instruction; and

2. Counsel's cumulative errors denied petitioner a fair trial.

ECF No. 1.

Respondents indicate that the petition should be dismissed as a successive petition. ECF No. 10. Petitioner has not replied. For the reasons set out herein, this court concludes that the pending application for habeas corpus relief must be dismissed without prejudice at this time.

Under the Antiterrorism and Effective Death Penalty Act of 1996, petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court

for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir.)(2000). The pending application is beyond doubt a second and successive one which petitioner has filed in this court. On May 2, 2007, petitioner filed his first federal habeas corpus application which was subsequently denied, as time barred, by this court on April 21, 2008.[1] *See Young-Bey v. Rowley*, Civil Action No.

---

[1] In finding the petition time barred, the undersigned recounted the procedural history of petitioner's state court proceedings as follows:

> In July of 1997, petitioner was convicted of attempted first-and second-degree rape, attempted first-and second-degree sexual offense, battery, and false imprisonment. He was sentenced to serve 35 years in prison, consecutive to the federal term he was serving at that time. On July 21, 1999, the Court of Special Appeals of Maryland affirmed petitioner's convictions. The Court of Appeals of Maryland denied petitioner's request for further review on December 10, 1999.
>
> Petitioner filed subsequent state court pleadings challenging both his convictions and sentence. In December of 1997, counseled and *pro se* motions for modification of sentence were filed. The motion was denied without hearing on January 6, 1998. On December 31, 1999, petitioner filed a motion to correct an illegal sentence, arguing that his convictions for common law battery, attempted rape, and attempted sexual offense were abolished in 1996 and, therefore, his convictions and sentences imposed were illegal and beyond the subject matter jurisdiction of the court. The motion was denied by the Circuit Court without hearing on February 14, 2000.[4] The Court of Appeal Appeals affirmed this decision in an unreported opinion filed on January 8, 2001. Petitioner's writ of certiorari was denied by the Court of Appeals of Maryland on November 9, 2001.
>
> In May of 2002, petitioner filed a *pro se* motion for new trial on the grounds of fraud and newly discovered evidence. The motion was denied without a hearing on June 21, 2002. The decision was affirmed by the Court of Special Appeals of Maryland on September 26, 2003, and further review was denied by the Court of Appeals of Maryland on December 19, 2003.
>
> On October 29, 2003, petitioner initiated post-conviction proceedings in the Circuit Court for Baltimore County. The *pro se* post-conviction petition was supplemented by counsel on or about October 20, 2004, and on June 30, 2005. Petitioner raised several grounds of ineffective assistance of trial and appellate counsel, judicial errors at trial and sentencing, prosecutorial misconduct, and due process violations for the failure to grant a new trial. According to docket entries provided to the court and review of the state court criminal docket, the state post-conviction hearing has been repeatedly postponed at petitioner's request, the most recent postponement occurring in September of 2007.
>
> *****
>
> Under the facts of this case petitioner's state court convictions became final on March 20, 2000, when the time for filing a petition for certiorari with the Supreme Court expired. *See Frasch v. Peguese*, 414 F.3d 518, 521 (4th Cir. 2005); *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th

JFM-07-1137. Before this court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to consider Mr. Young-Bey's application for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A);[2] *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Undoubtedly, petitioner has not complied with this "gatekeeper" provision. Therefore, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The procedural

---

Cir. 2000). He did not file seek post-conviction relief until October 29, 2003, well beyond the one-year limitation period. While petitioner's motion to correct an illegal sentence and motion for new trial were either filed or pending during that forty-two month period, the filings do not constitute "direct review" pleadings under § 2244(d)(1)(A). *See Frasch*, 414 F.3d at 522. Further, these motions do not qualify as applications for state post-conviction or other collateral review under the provisions of 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 169-182 (2001).[7]

[4] According to the criminal docket, petitioner filed an additional motion for to correct and vacate illegal judgment and motion to correct or vacate illegal judgment in May of 2001. Paper No. 20, Ex.

[7] *See State v. Kanaras*, 357 Md. 170, 183 (1999) (noting "there is no indication in the language or history of [Maryland] Rule 4-345 that the court intended to create a separate cause of action... [I]t is part of the same proceeding and not a wholly independent action. The rule simply grants the trial court limited continuing authority in the criminal case to revise the sentence."); *see also Walkowiak v. Haines*, 272 F.3d 234 (4th Cir. 2001) (holding that a motion for correction or reduction of sentence" was not a collateral proceeding under West Virginia law to toll the limitations period under 28 U.S.C. §2244(d)(2)).

*Young-Bey v. Rowley*, Civil Action No. JFM-07-1137 (D. Md.), ECF No. 25, pp. 1-, 4-5 (citations to the record and some footnotes omitted).

*Wall v. Kholi*, 562 U.S. ____, 131 S.Ct.1278, 1286 (2011), decided subsequent to petitioner's first habeas petition, abrogated *Walkowiak*. In *Wall,* the Supreme Court held that a motion to reduce sentence filed pursuant to Rhode Island law as a post-conviction motion, not part of the direct review process, which required a reexamination of the prisoner's sentence, qualified as a motion for "collateral review" that tolled the one-year statute of limitations under AEDPA. It has yet to be determined whether Maryland's allowable post- judgment criminal motions would also serve to toll the limitations period under AEDPA in light of *Wall*.

[2]28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

requirements and deadlines for filing the "motion" are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should the petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that the petitioner must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims. For the reasons set forth herein, this court is without jurisdiction to review the instant petition, and accordingly the petition shall be dismissed.

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 “the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).” In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that “[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling.” *Slack*, 529 U.S. at 484. petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts. Denial of a certificate of appealability does not prevent Young-Bey from seeking permission to file a successive petition or pursuing his claims upon receipt of that permission.

A separate Order shall be entered reflecting the ruling set out herein.

November 29, 2011
Date

/s/
J. Frederick Motz
United States District Court Judge